STATE OF INDIANA, EX REL. THORLTON *v.* PUCKETT, TRUSTEE, ET AL.

[No. 9,879. Filed June 20, 1919.]

1. TOWNS.—*Public Improvements.—Payment of Laborers and Materialmen.—Statute.*—Section 5901a Burns 1914, Acts 1911 p. 437, providing that public officers and boards contracting for public improvements shall withhold full payment to the contractor until he has paid subcontractors or laborers employed in the work, and requiring such claims to be filed within thirty days after the completion of the work, is for the protection of laborers, materialmen and subcontractors and not of contractors and their bondsmen, and confers no right of action on any one unless the public officer wrongfully fails to withhold money due the contractor which should have been applied to claims previously filed in accordance with the statute. p. 595.

2. TOWNS.—*Trustees.—Action on Bond.—Complaint.—Sufficiency.*—In an action by a surety on the bond of a public contractor against a township trustee and his bondsmen to recover for an alleged wrongful payment by the trustee to a public contractor before the claims of materialmen and subcontractors had been paid, a complaint failing to allege the filing of claims of subcontractors and materialmen prior to the time of payment to such contractor is insufficient to show a violation of §§5901a, 5901b Burns 1914, Acts

1911 p. 437, it being presumed that the trustee performed his statutory duties and therefore that no claims had been filed pursuant to such statutes.   p. 596.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by the State of Indiana, on the relation of Wallace Thorlton, against Elihu Puckett, trustee, and others.  From a judgment for defendants, the relator appeals.  *Affirmed.*

*Cary L. Harrel* and *Walker & Blankenbaker,* for appellant.

*E. S. Holliday, F. A. Horner, S..M. McGregor, A. W. Knight, A. C. Miller* and *Edward H. Knight,* for appellees.

McMahan, J.—This action was brought by relator on the bond of appellee Elihu Puckett, as trustee of Lewis township, Clay county, Indiana.  The appellees other than Elihu Puckett are sureties on said bond.  The only error assigned relates to the action of the court in sustaining a demurrer to appellant's complaint.  The complaint, after alleging the election and qualification of said Puckett, alleges the execution of the bond in suit, the conditions of which bond were that said Puckett "shall well and faithfully discharge the duties of said office according to law; shall faithfully collect and receive all moneys belonging to said township; expend the same as required by law," etc., a copy of which bond is filed with and made a part of the complaint; that said Puckett, as such trustee, entered into a written contract with Farabee and Berry for the alteration and repair of a certain schoolhouse belonging to said township, under the terms of which contract said contractors were to do all the work and furnish all the material therefor for $7,356; that at the time of the execution of said con-

tract, and as a part of the consideration therefor, said contractors executed a bond in the sum of $7,356, with relator and others as sureties thereon, which said bond obligated and bound said sureties for the payment of all claims for work, labor and material furnished or done under or pursuant to the said contract of Farabee and Berry for said alteration, repair and improvement, and for the payment of all subcontractors who contracted with said Farabee and Berry to furnish material or do any part of said work undertaken by said Farabee and Berry as aforesaid; that at the request of said contractors, certain named parties furnished material and performed labor for said contractors in the alteration and repair of said schoolhouse to the extent of $3,978.07, which said contractors failed to pay, and which said sum the sureties on said contractors' bond were compelled to and did pay; that the relator as one of said sureties was obliged to and did pay one-seventh of said sum or $568.07; that each of said materialmen and laborers filed their claims for the amount due each of them with said trustee within thirty days from the time of furnishing the material and the completion of the work done by said parties; that no dispute arose between said contractors and the said parties who furnished labor and material; that said trustee unlawfully and in violation of the duty enjoined upon him by law failed to withhold full payment to said contractors, Farabee and Berry, until said contractors had paid to said materialmen and laborers, and each of them, all bills due and owing them; that the contractors' bondsmen were required to pay said sum of $3,978.07 by reason of the failure of said trustee to so withhold payment to said contractors; that said

trustee, in violation of the statutory law of this state, paid said contractors, who had not paid for any of the material or labor hereinbefore mentioned, $6,000, and that, by reason of the unlawful acts of said Puckett in failing to withhold full payment, relator was compelled to and did pay said sum of $568.07; that when relator signed said contractors' bond he believed said Puckett would faithfully perform his duties as trustee and would withhold full payment to said contractors until all bills due and owing by them for material and labor were paid, and that relator relied upon said Puckett as such trustee to perform faithfully all the duties and obligations imposed upon him by reason of his official bond and the laws of the State of Indiana, and that, if said Puckett had faithfully performed his duties required by law, the relator would not have been compelled to pay any sum whatever upon the said contractors' bond so executed by relator and others, and demanding judgment for the amount so paid by relator.

The relators' contention is that under §§5901a, 5901b Burns 1914, Acts 1911 p. 437, it was the official duty of appellee Puckett, as trustee, to have withheld full payment to the said contractors until all bills due for labor and material had been paid.

Section 5901a, *supra,* provides that certain public officers and boards when authorized to contract for any public building or improvement "shall withhold full payment to the contractor until such contractor has paid to the subcontractor or subcontractors or laborers employed in such construction, all bills due and owing the same: Provided, There is a sufficient sum owing to the contractor to pay all such bills, and if there is not a sufficient sum owing to such contractor on such contract to pay all of such bills, then the sum

owing on said contract shall be prorated in payment of all such bills: Provided, Such subcontractor or subcontractors or laborers shall file with the trustees or board or commission their claim within thirty days from the completion of the work. Where no dispute shall arise between the contractor and the subcontractor or to the laborer, the trustees, board or commission shall pay such claim or claims out of the funds due such contractor, and take receipt therefor, which sum or sums shall be deducted from the contract price. Where there is a dispute between the contractor and the subcontractor or laborers, sufficient funds shall be retained by the board, trustees or commission until such disputes are settled, and the correct amount is determined when payment shall be made as aforesaid.''

It is quite clear that the purpose of this statute is the protection of the laborers, materialmen and subcontractors, and not the protection of the contractors or their bondsmen. It will be observed that the language of the statute is that the ''trustees shall withhold full payment to the contractor until such contractor has paid to the subcontractor or subcontractors or laborers employed in such construction, all bills due and owing the same,'' provided, *that if there is not a sufficient amount owing to pay all such bills, then the sum owing shall be prorated in payment of all such bills:* and provided further, that ''such sub-contractor or sub-contractors or laborers shall file with the trustees or board or commission their claim * * * within thirty days from the completion of the work.''

There is no provision in the act which requires the trustee to withhold any payment from the contractor

prior to the filing of such claims, and the trustee is not obliged to assume in advance of such filing that any claim will be filed with him. Clearly this statute confers no right of action on any one unless the trustee wrongfully fails to withhold and pays to the contractor money due the latter which he should apply to the payment, either in full or *pro rata,* of claims previously filed in accordance with the statute.

The proviso for prorating claims "if there is not a sufficient amount owing to such contractor on such contract to pay all of such bills" clearly indicates that the trustee is obliged to withhold full payment only after claims are filed.

The averments of the complaint show that the contract price of the improvement was $7,356, and that of this amount the trustee paid $6,000 to the general contractors, it thereby affirmatively appearing that said trustee retain in his hands a considerable sum due the contractors. There is no allegation anywhere in the complaint that any of the subcontractors or materialmen filed any claim with the trustee prior to his paying out the entire $6,000 above referred to. The want of such allegation would be absolutely fatal to a complaint by any of said claimants in an action against the trustee under this statute; and it is necessarily fatal to the relator's complaint, who claims his right through said claimants by reason of subrogation. The presumption of law is, as against this pleading, that the trustee has performed his statutory duties; and thus it will be presumed that none of the claims mentioned in the complaint were filed with the trustee prior to his paying out the $6,000, and that upon said claims being filed he withheld the balance of the contract price for the

purpose of permitting it to be prorated among the claimants pursuant to the statute. The complaint therefore fails to show any violation of said statute by said trustee, regardless of whether relator can base any right of action on that statute. This being true, there was no error in sustaining the demurrer.

Judgment affirmed.